

FILED
JUL 1 6 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOMOA GREENE,<br><br>　　　　　　　　Petitioner,<br>vs.<br><br>D.K. JOHNSON, Warden,<br><br>　　　　　　　　Respondent. | CASE NO. 12-CV-1824 BEN (BLM)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Docket No. 15] |

　　　　Petitioner Komoa Greene, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Respondent filed an answer on November 15, 2012, and Petitioner did not file a traverse. (Docket No. 10.) Magistrate Judge Barbara Lynn Major issued a thoughtful and thorough Report and Recommendation recommending that the Petition be denied. (Docket No. 12.) On March 12, 2013, the Court adopted Judge Major's Report and Recommendation and denied the Petition. (Docket No. 13.)

　　　　"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, a petitioner must show "that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner does not have to show "'that he should prevail on the merits. He has already failed in that endeavor.'" *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Here, the Court: (1) denied Petitioner's claim for ineffective assistance of counsel because Petitioner has failed to demonstrate that she was prejudiced by her counsel's performance; and (2) denied Petitioner's claim for prosecutorial misconduct because the prosecutor's misstatements of the law during closing argument could not have had substantial and injurious effect or influence in determining the jury's verdict and therefore did not deprive Petitioner of a fair trial. The Court concludes that the claims raised in the Petition are not such that "jurists of reason could disagree with the district court's resolution" of them, nor are they sufficiently adequate "to deserve encouragement to proceed further." *See Miller-El*, 537 U.S. at 327. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

DATED: July ___, 2013

HON. ROGER T. BENITEZ
United States District Judge